# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANTHONY McROBERTS,

                        Petitioner,

        v.                                  CASE NO. 21-3160-SAC

STATE OF KANSAS,

                        Respondent.

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate at Hutchinson Correctional Facility (HCF) serving a state sentence, proceeds pro se and the Court grants Petitioner's motion to proceed in forma pauperis (Doc. 2). The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and enters the following order.

**Background**

Petitioner pled no contest to and was convicted of attempted rape; the District Court of Wyandotte County, Kansas sentenced him to a term of imprisonment in October 2017. (Doc. 1, p. 1.) The Wyandotte County District Court (WCDC) Clerk's Office has informed this Court that Petitioner did not pursue a direct appeal from his criminal conviction and sentence. On April 27, 2020, Petitioner filed in WCDC a motion for post-conviction relief under K.S.A. 60-1507.[1] The motion was denied and on June 3, 2021, Petitioner filed

---

[1] In the petition, Petitioner asserts that he appealed from his conviction. (Doc. 1, p. 2.) He provides the case number of his appeal as 2020 CV 275, but the WCDC Clerk has informed the Court that this case number is associated with Petitioner's civil post-conviction state habeas action under K.S.A. 60-1507.

in WCDC a motion to docket his appeal out of time. It does not appear that the WCDC has ruled on this motion.

Petitioner filed the § 2254 petition now before this Court on July 9, 2021. (Doc. 1.)

**Analysis**

This petition is subject to the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A)  The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 28 U.S.C. § 2244(d)(1).

The limitation period generally runs from the date the judgment

becomes "final." *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). "[D]irect review" does not conclude until the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The one-year period of limitation begins to run the day after a conviction is final. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
> 28 U.S.C. § 2244(d)(2).

In addition, the one-year limitation period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is "a rare remedy to be applied in unusual circumstances" and a petitioner seeking equitable tolling "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015)(internal quotation marks omitted). It is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013). "'[A] garden variety claim of excusable neglect' . . . does not warrant equitable tolling." *Holland*, 560 U.S. at 651-52 (quoting *Irwin v. Dept. of Veterans Affairs*, 498

U.S. 89, 96 (1990)). Similarly, "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh*, 223 F.3d at 1220 (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)).

Circumstances that may warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Lopez v. Trani*, 628 F.3d 1228, 1229 (10th Cir. 2010)(quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). Misconduct or "egregious behavior" by an attorney also may warrant equitable tolling. *Holland*, 560 U.S. at 651.

A prisoner seeking equitable tolling on the ground of actual innocence "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "'new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.'" *House*, 547 U.S. at 537 (quoting *Schlup*, 513 U.S. at 324).

In Kansas, "[f]or crimes committed on or after July 1, 1993, the defendant shall have 14 days after the judgment of the district court to appeal." K.S.A. 22-3608(c). "The final judgment in a criminal case is the sentence." *State v. Weekes*, 308 Kan. 1245, 1249 (2018) (citing *State v. Van Winkle*, 256 Kan. 890, 895 (1995)).

Petitioner was sentenced on October 13, 2017, so he had until October 27, 2017, to appeal. The AEDPA's one-year limitation period began to run on October 28, 2017 and expired on October 28, 2018.

Because Petitioner did not file his federal habeas petition until July 9, 2021, this action is not timely and is subject to dismissal unless petitioner can establish grounds for equitable tolling.[2] The Court therefore directs petitioner to show cause on or before August 16, 2021, why this matter should not be dismissed due to his failure to commence this action within the one-year limitation period. The failure to file a timely response may result in the dismissal of this matter without additional notice.

**IT IS THEREFORE ORDERED THAT** Petitioner's motion to proceed in forma pauperis, (Doc. 2), is **granted**.

**IT IS FURTHER ORDERED THAT** Petitioner is granted to and including **August 16, 2021**, to advise the Court, in writing, why this matter should not be dismissed as time-barred.

**IT IS SO ORDERED.**

DATED:  This 14th day of July, 2021, at Topeka, Kansas.



S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge

---

[2] Although the limitation period may be tolled during properly filed postconviction or other collateral proceedings in state court, the information before the Court indicates that Petitioner did not file his 60-1507 motion until 2020, well after the one-year limitation period for a federal habeas petition had expired. (Doc. 1-1, p. 1-6.)