**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ANTHONY McROBERTS,**

                      **Petitioner,**

      **v.**                                                    **CASE NO. 21-3160-SAC**

**STATE OF KANSAS,**

                      **Respondent.**

**MEMORANDUM AND ORDER**

    This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On July 14, 2021, the Court issued a Notice and Order to Show Cause (NOSC) directing Petitioner to show cause why this matter should not be dismissed due to his failure to commence this action within the one-year limitation period. (Doc. 3.)

    The NOSC explained that the one-year limitation period under 28 U.S.C.§ 2244(d)(1) began to run on October 28, 2017, when Petitioner's time for filing a direct appeal had expired. The limitation period then ran until it expired on October 28, 2018. Because Petitioner did not file his federal habeas petition until July 9, 2021, this action is not timely and is subject to dismissal unless Petitioner can establish grounds for equitable tolling.

    In his response to the NOSC, Petitioner explained that he has been working since his plea hearing to learn whether he could overturn his conviction, but his court-appointed attorney refused his requests to appeal. (Doc. 4.) Petitioner was and is unable to afford to hire an attorney and he also suffers from mental health

problems. *Id.* Petitioner further asserts that he was unable to hire an investigator to contact witnesses because detectives have prevented him from accessing his phone, which holds witness contact information. *Id.* Finally, Petitioner asserts that he can establish that he was coerced into entering a plea and that he was falsely convicted. *Id.*

The one-year limitation for filing a habeas corpus action may be equitably tolled if the petitioner establishes (1) that he pursued his rights diligently, and (2) that some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, 560 U.S. 631, 645 (2007). Such equitable tolling, however, is "a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (quoting *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008)). A valid claim of actual innocence may create an exception to the AEDPA time limitation. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A but a prisoner seeking that exception "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

In this matter, more than 32 months elapsed between Petitioner's conviction and sentence becoming final and his filing of the federal habeas petition now before the Court. Petitioner's response to the NOSC does not establish that he pursued his rights diligently during that time or that some extraordinary circumstance prevented from timely filing his federal petition.

Petitioner states that he has been working to determine whether

he could "beat [his] case." (Doc. 4.) But he fails to provide any detail on the actions he took after his conviction became final and before he filed the current petition. Thus, he has not shown that he diligently pursued his rights, as is required for equitable tolling. *See Levering v. Dowling*, 721 Fed. Appx 783, 788(10th Cir. 2018) (holding that "spending time in the prison law library to conduct research" was insufficient to show diligent pursuit of claims).

To the extent that Petitioner only recently discovered the legal theory upon which he believes he can obtain habeas relief, a late discovery is not an extraordinary circumstance that justifies equitable tolling. "[I]t is well established that ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Moreover, although Petitioner asserts that "mental health problems" rendered him unable to challenge his convictions until he received anti-psychotic medication (see Doc. 1, p. 2.), Petitioner neither identifies his mental health problems nor informs the Court when he began taking the medication. Similarly, a petitioner's pro se status is not an extraordinary circumstance that warrants equitable tolling. *See Marsh*, 223 F.4d at 1220.

Nor has Petitioner made a valid claim of actual innocence that would provide an exception to the one-year time limitation. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Although he asserts in his response to the NOSC that he has "evidence showing [he] was falsely convicted and that Kansas had no jurisdiction to convict [him] when the accused victim's claims were false and the [hearsay] with no witnesses happened to occur in Missouri," Petitioner does not further explain or identify that evidence. Likewise, although Petitioner asserts facts in his petition that he says proves his innocence, he does not identify evidence that would support his assertions.

For these reasons, the Court concludes that the present petition is time-barred under 28 U.S.C. § 2241(d) and that Petitioner has not shown any circumstances that justify equitable tolling or an exception to the time limitation. The Court will therefore dismiss this matter as time-barred. The Court also concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS, THEREFORE, BY THE COURT ORDERED** that this matter is dismissed as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 20th day of July, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge